UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ROBERT GRIZZLE,
Institutional ID No. 01998719
SID No. 06338618
Previous TDCJ ID No. 01330107

               Plaintiff,

v.

No. 5:22-CV-00287-H

TEXAS TECH MEDICAL
BRANCH, *et al.*,

               Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a

recommendation that this Court dismiss with prejudice all of Plaintiff's claims, except for

his claims of excessive force against Defendant Sergeant Kofi "Antwi" Stephenson. Dkt.

No. 16. The United States Magistrate Judge recommended that Defendant Stephenson be

ordered to answer or otherwise plead to those claims. Plaintiff filed detailed objections,

including a request that he be permitted to amend his complaint or, alternatively, that he be

appointed counsel to aid him in adequately presenting his claims. Dkt. No. 18.

"The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C.

§ 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions,

and recommendations for plain error. The Court has examined the record and reviewed the

unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and

adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation.

Additionally, in light of Plaintiff's specific objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Many of Plaintiff's objections consist of restatements of arguments made in his complaint (as supplemented by his responses to the Magistrate Judge's questionnaire), arguments thoroughly addressed by the FCR, mere disagreements with the Magistrate Judge's wording, arguments premised on irrelevant case law, or conclusory statements insisting that his claims have merit. The Court finds that the objections do not warrant revisiting, modifying, or rejecting the FCR. Thus, the objections are overruled, and the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. And as explained below, the Court denies Plaintiff's requests for leave to amend and appointment of counsel.

## 1.   Request to Amend

In his objections, Plaintiff demands that he must be permitted to amend his complaint to cure the deficiencies set forth in the FCR. *See* Dkt. No. 18 at 28–29. "Ordinarily, 'a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). But leave to amend is not required when an amendment would be futile, i.e., when "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or when a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) (explaining that responses to the magistrate judge's questionnaire is recognized as an acceptable method

2

for a pro se litigant to develop the factual basis for his complaint and is properly considered
as an opportunity to amend (citation omitted)).

Here, Plaintiff was afforded the opportunity to amend and supplement his complaint
and cure any defects in his claims against the defendants by his response to the Court's
questionnaire. Dkt. No. 14. Additionally, the FCR notified Plaintiff of the defects in his
complaint, and he had an opportunity to amend through his timely objections to the FCR.
But his objections failed to cure the defects, and the Court is not required to grant further
leave to amend "if the plaintiff has already pleaded his 'best case.'" *See Brewster v. Dretke*,
587 F.3d at 768. Specifically, Plaintiff suggests that he will amend to include claims under
the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA), as well as state-
law claims for malpractice and negligence. *See* Dkt. No. 18 at 28–29. However, the Court
finds that these amendments would be futile.

First, "[a] claim is not proper under the ADA [or RA] if it is simply a restatement of
a claim for the denial of medical care." *Hale v. Abangan*, No. 3:15-CV-170-CWR-FKB, 2018
WL 1053520, at *3 (S.D. Miss. Jan. 26, 2018) (citing *Walls v. Tex. Dep't Criminal Justice*, 270
F. App'x 358, 359 (5th Cir. 2008)). And second, to the extent Plaintiff seeks to add state-law
tort claims of malpractice and negligence, the Court declines to exercise supplemental
jurisdiction over those claims because they do not share any common issue of fact or law
with the federal claim that is proceeding in this case. In other words, because the only claim
remaining in this case is his excessive-force claim against Defendant Stephenson, any
malpractice and negligence claims are not "so related to claims in the action within [the
Court's] original jurisdiction that they form part of the same case or controversy."

28 U.S.C. § 1367. And as explained by the Magistrate Judge, Plaintiff has an adequate remedy under state law for these claims.[1]

## 2.    Appointment of Counsel

"A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). Although 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent any person claiming *in forma pauperis* status, the courts are not empowered to make compulsory appointments in civil actions. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–02 (1989).

When deciding whether to appoint counsel in a Section 1983 case, the Court may consider several factors, including:

1.    the type and complexity of the case;

2.    the petitioner's ability adequately to present and investigate his case;

3.    the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

---

[1] Plaintiff also appears to claim that he may bring his state-law claims in federal court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 because he "is a citizen of Nevada, not Texas." *See* Dkt. No. 18 at 29. For purposes of determining diversity jurisdiction, "courts have determined that a prisoner's citizenship lies either in the state of his citizenship prior to incarceration or the state where he is currently incarcerated." *Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 2d 647, 652 (S.D. Tex. 2003)). A prisoner can establish that he is a citizen of a different state if he can show that he plans to reside there upon his release, but this requires more than "an unsubstantiated declaration of intent to reside in a state in which he is neither incarcerated nor lived immediately prior to his incarceration." *Id.* Plaintiff is incarcerated in the Texas Department of Criminal Justice serving a sentence for a Texas state criminal conviction, and he has not made any statement—substantiated or not—that he resided in Nevada immediately prior to his incarceration, or that he intends to reside in Nevada after his release from prison. Thus, he may not invoke this Court's jurisdiction to proceed with his state-tort claims in this case.

4

4.     the likelihood that appointment will benefit the petitioner, the court, and the

defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290,

293, n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084

(5th Cir. 1991))).

After considering the factors above, the Court notes that Plaintiff has not shown an

inability to adequately present and investigate his case or shown that exceptional

circumstances are involved to justify the appointment of counsel at this time. Indeed, the

Court has determined that Plaintiff's excessive-force claim against Defendant Stephenson

was sufficient to survive preliminary screening and will require him to file an answer or

other defensive pleading. The motion for appointment of counsel is denied.

## 3.     Conclusion and Warning

For the reasons outlined in the FCR, Plaintiff's claims against the defendants—other

than his excessive-force claim against Defendant Stephenson—are fatally infirm and further

leave to amend would be futile.

Additionally, the Court notes that Plaintiff's profanity-laced objections contain

abusive, offensive, violent, and threatening language. For example, Plaintiff complains

about the Court's analysis of inmate claims of deliberate indifference to serious medical

needs and threatens "I get out of prison in a few years and I will bring attention to this if I

gotta start killing people to do so." *See* Dkt. No. 18 at 3. This pleading was filed before the

Court warned Plaintiff about similar abusive filings in another case. *See* No. 5:22-CV-

5

00132-H, Dkt. No. 41.[2]  The Court repeats the warning here:  Plaintiff is admonished that
frivolous and malicious filings by prisoners consume inordinate amounts of scarce judicial
resources and pose a burden on legitimate complaints.  *See Holloway v. Hornsby,* 23 F.3d 944
(5th Cir. 1994).  **PLAINTIFF IS WARNED** that if he persists in filing abusive, threatening,
or profane filings, the Court may impose sanctions against him, including monetary
sanctions, a complete bar to filing, or both.  The federal courts possess the inherent "power
to levy sanctions in response to abusive litigation practices."  *In re Stone,* 986 F.2d 898, 902
(5th Cir. 1993).  Such power is necessary "to protect the efficient and orderly administration
of justice and . . . to command respect for the court's orders, judgments, procedures, and
authority."  *Id.*  The Court has forwarded the threatening communication to the United
States Marshal Service for investigation.

The Court therefore orders:

1.     The Court will enter a separate order directing service and requiring an
answer or other responsive pleading as set forth in the FCR for Plaintiff's excessive-use-of-
force claims against Defendant Kofi "Antwi" Stephenson.

2.     Plaintiff's remaining claims against Defendants Texas Tech Medical Branch
(TTMB), Bryan Williams, Jim Webb, Jessica Rojas, Terri Rose, M.D., Emily Hamilton,
Jane Doe #1, Jane Doe #2, Jane Doe #3, Jane Doe #4, Nurse Figueroa, Nurse Saliya,
Lucinda Cortez, Michael Miller, Cody Parker, Richard Aines, Ricardo Perez, Joane Castro,
and Nurse Wells, are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A
for failure to state a claim.  There is no just reason for delay in entering a final judgment and

---

[2] In that order, the Court noted that Plaintiff's filings contained "disturbed ranting and violent,
threatening, and profane language" directed against the Senior United States District Judge and
other individuals.  *See id.* at 4.

6

final judgment will be entered as to these claims and Defendants pursuant to Federal Rule of Civil Procedure 54(b).

3.    The Clerk is directed to change the caption of this case to *Robert Grizzle v. Kofi "Antwi" Stephenson,* to reflect that the only remaining Defendant in this case is Defendant Stephenson.

So ordered.

Dated June 6, 2025.

JAMES WESLEY HENDRIX
United States District Judge

7